## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ANTHONY WHITE, | ) |
| | ) |
| Petitioner, | ) |
| v. | )      Civil Action No. 11-658-GMS |
| | ) |
| DAVID PIERCE, Warden, and | ) |
| ATTORNEY GENERAL OF THE | ) |
| STATE OF DELAWARE, | ) |
| | ) |
| Respondents.[1] | ) |

Anthony White. *Pro se* petitioner.

James T. Wakley, Deputy Attorney General, Delaware Department of Justice, Wilmington, Delaware. Counsel for respondents.

## MEMORANDUM OPINION

July 29 , 2014
Wilmington, Delaware

---

[1]Warden David Pierce replaced former Warden Perry Phelps, an original party to this case. *See* Fed. R. Civ. P. 25(d).

Sleet, District Judge

Pending before the court is an application for a writ of habeas corpus pursuant to 28

U.S.C. § 2254 ("petition") (D.I. 3) filed by petitioner Anthony White ("White"). (D.I. 3) The

State has filed an answer in opposition, contending that the petition must be dismissed as

untimely. (D.I. 15) For the following reasons, the court will deny the application as time-barred

by the one-year limitations period prescribed in 28 U.S.C. § 2244.

## I.  BACKGROUND

> On March 15, 2006, Jaywann Tucker and his friend, Ahmand Phoenix, were hanging out
> on the street after school. Tucker saw Qy-Mere Maddrey and decided to rob him.
> Tucker held a gun to Maddrey's face and took Maddrey's cell phone and marijuana.
> Maddrey then called his friend, White, and told him about the robbery. About half an
> hour later, Maddrey and White found Tucker and Phoenix on the street. Maddrey asked
> Tucker for Maddrey's cell phone and Tucker told him that he did not have it. White then
> pulled out a gun and started shooting at Tucker, who ran behind some buildings. White
> followed him and shot Tucker in the face, left shoulder and left foot.

*White v. State*, 957 A.2d 2 (Table), 2008 WL 4107980, at *1 (Del. Sept. 5, 2008). White was

indicted on charges of attempted first degree murder, possession of a deadly weapon during the

commission of a felony, and second degree conspiracy. *See White v. State*, 994 A.2d 745

(Table), 2010 WL 1781021 (Del. May 12, 2010). In March 2007, a Delaware Superior Court

convicted him of attempted first degree murder and the weapons offense and acquitted him of

conspiracy. He was sentenced to an aggregate of twenty-nine years of incarceration, suspended

after twenty-four years for a period of probation. *Id.* White appealed, and the Delaware

Supreme Court affirmed his convictions and sentence on September 5, 2008. *White*, 2008 WL

4107980, at *1.

Acting *pro se,* White filed his first motion for post-conviction relief pursuant to Delaware

Superior Court Criminal Rule 61 ("Rule 61 motion") on January 14, 2009. *See State v. White*,

Cr. ID No. 0603015418A, Comm'r Rep. & Rec. (Del. Super. Ct. May 1, 2009). The Superior

Court denied the Rule 61 motion on July 1, 2009, and White appealed. *See White*, 2010 WL 1781021. The Delaware Supreme Court affirmed the Superior Court's judgment on May 4, 2010, and denied reargument on May 12, 2010. *Id.*

On August 16, 2010, this time represented by counsel, White filed a second Rule 61 motion. On November 10, 2010, a Superior Court Commissioner recommended that the Rule 61 motion be denied because the claims asserted therein were time-barred under Rule 61(i)(1) and procedurally barred under Rule 61(i)(2), (3), and (4). *See State v. White*, 2010 WL 5313561 (Del. Super. Ct. Nov. 10, 2010). The Superior Court adopted that Recommendation on December 13, 2010 and denied the Rule 61 motion, and the Delaware Supreme Court affirmed that decision. *See State v. White*, ID No. 0603015418A, Order, Jurden, J. (Del. Super. Ct. Dec. 13, 2010); *White v. State*, No.8,2011, Order (Del. May 3, 2011).

On August 17, 2010, while his second Rule 61 motion was pending, White filed a *pro se* federal habeas petition, along with a motion to stay the proceeding during the pendency of his second Rule 61 proceeding. (D.I. 1 and 4 in *White v. Phelps*, Civ. A. No. 10-731-ER) White contended that he wished to include in his federal habeas petition the claims raised in the second Rule 61 motion, but that the claims were unexhausted for federal habeas purposes because he could present them to the Superior Court via the exceptions to procedural bars as contained in Rule 61(i)(1), (2), and (5). White also contended that a stay was necessary because there would only be thirty days left in AEDPA's limitations period once his second Rule 61 proceeding ended. After determining that White's calculation regarding the limitations period was incorrect, and that AEDPA's limitations period would not clearly foreclose his ability to file a habeas petition upon the completion of his second Rule 61 proceeding provided that the second Rule 61 motion was properly filed under the Delaware state court rules, the Honorable Eduardo C.

Robreno denied the motion to stay. (D.I. 7 in *White v. Phelps*, Civ. A. No. 10-731-ER) Pursuant to governing law, Judge Robreno gave White two choices: (1) he could delete the unexhausted claims and continue his habeas proceeding with the exhausted claims; or (2) he could have his habeas petition dismissed without prejudice and file one all-inclusive habeas petition upon exhaustion of state remedies. *Id.* White asked to voluntarily withdraw his habeas petition, and Judge Robreno dismissed the petition without prejudice on December 17, 2010. (D.I. 8 and 11 in *White v. Phelps*, Civ. A. No. 10-731-ER)

White filed the instant *pro se* habeas petition in July 2011, alleging the following six claims: (1) the judge presiding over his trial violated his due process rights by communicating with the jury *ex parte*; (2) his rights under the Confrontation Clause were violated when the State used out-of-court statements against him without laying the proper foundation; (3) the trial court erred by not declaring a mistrial *sua sponte* or sanctioning the prosecutor for his blatant disregard of the court's rules, orders, and objections; (4) trial counsel provided ineffective assistance; (5) the prosecutor engaged in various forms of misconduct, including retaliation, unduly influencing witnesses Meddrey and Tucker, purposefully ignoring the trial court's order prohibiting the State from mentioning White's prior weapons conviction, and making racist remarks during closing; and (6) the Delaware Supreme Court erred on post-conviction appeal by denying his claims as procedurally barred. (D.I. 3) The State filed an answer in opposition, alleging that the petition should be denied as time-barred or, alternatively, that the court should deny four claims as procedurally barred, one claim for failing to assert an issue cognizable on federal habeas review, and one claim as meritless. (D.I. 15)

## II.     ONE YEAR STATUTE OF LIMITATIONS

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") was signed into law by the President on April 23, 1996, and habeas petitions filed in federal courts after this date must comply with the AEDPA's requirements. *See generally Lindh v. Murphy*, 521 U.S. 320, 336 (1997). AEDPA prescribes a one-year period of limitations for the filing of habeas petitions by state prisoners, which begins to run from the latest of:

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

White's petition, filed in 2011, is subject to the one-year limitations period contained in § 2244(d)(1). *See Lindh*, 521 U.S. at 336. White does not allege, and the court does not discern, any facts triggering the application of § 2244(d)(1)(B), (C), or (D). Thus, the one-year period of limitations in this case began to run when White's conviction became final under § 2244(d)(1)(A).

Pursuant to § 2244(d)(1)(A), if a state prisoner appeals a state court judgment but does not seek certiorari review, the judgment of conviction becomes final upon expiration of the ninety-day time period allowed for seeking certiorari review. *See Kapral v. United States,* 166 F.3d 565, 575, 578 (3d Cir. 1999); *Jones v. Morton*, 195 F.3d 153, 158 (3d Cir. 1999). In this

4

case, the Delaware Supreme Court affirmed White's conviction and sentence on September 5, 2008. Following that decision, White did not file a petition for a writ of certiorari in the United States Supreme Court. Consequently, White's conviction became final for the purposes of § 2244(d)(1) on December 4, 2008. Accordingly, to comply with the one-year limitations period, White had to file his § 2254 petition by December 4, 2009. *See Wilson v. Beard*, 426 F.3d 653 (3d Cir. 2005)(holding that former Federal Rule of Civil Procedure 6(a), (e) applies to federal habeas petitions).

     White did not file his habeas petition until July 25, 2011,[2] approximately one and one-half years after the expiration of AEDPA's statute of limitations. Thus, the petition is time-barred, unless the limitations period can be statutorily or equitably tolled. *See Holland v. Florida*, 560 U.S. 631, 645 (2010)(equitable tolling); 28 U.S.C. § 2244(d)(2)(statutory tolling). The court will discuss each doctrine in turn.

### A. Statutory Tolling

     Pursuant to § 2244(d)(2), a properly filed application for state collateral review tolls AEDPA's limitations period during the time the application is pending in the state courts, including any post-conviction appeals, provided that the application is filed during AEDPA's one-year limitations period. *Swartz v. Meyers*, 204 F.3d 417, 424-25 (3d Cir. 2000). A prisoner's state post-conviction relief application that is rejected by a state court for being untimely is not "properly filed" for statutory tolling purposes. *See Allen v. Siebert*, 552 U.S. 3, 7 (2007).

---

[2]Pursuant to the prisoner mailbox rule, the court adopts the date on the petition, July 25, 2011, as the filing date. *See Longenette v. Krusing*, 322 F.3d 758, 761 (3d Cir. 2003)(the date on which a prisoner transmitted documents to prison authorities for mailing is to be considered the actual filing date).

In this case, when White filed his first Rule 61 motion on January 14, 2009, forty days of the limitations period had already expired. The Superior Court denied the motion. The Delaware Supreme Court affirmed the Superior Court's judgment on May 4, 2010, and denied reargument on May 12, 2010. Thus, the first Rule 61 motion tolled the limitations period from January 14, 2009 through May 12, 2010. When the limitations clock started to run again on May 13, 2010, White had 325 days to timely file a federal habeas petition.

White filed a second Rule 61 motion August 16, 2010. On December 13, 2010, the Superior Court denied the motion as time-barred under Rule 61(i)(1), procedurally barred under Rule 61(i)(2),(3), and (4), and meritless. The Delaware Supreme Court affirmed that decision in May 2011.[3] The fact that the Delaware state courts denied the second Rule 61 motion as untimely means that it was not properly filed for § 2254(d)(1) purposes and, therefore, it does not have any statutory tolling effect. As such, when the limitations clock started to run again on May 13, 2010 after the Delaware Supreme Court affirmed the denial of White's first Rule 61 motion, the limitations clock ran the remaining 325 days without interruption until it expired on April 4, 2011.[4] Accordingly, the instant petition must be dismissed as time-barred, unless equitable tolling applies.

## B. Equitable Tolling

The one-year limitations period may be tolled for equitable reasons in rare circumstances when the petitioner demonstrates "(1) that he has been pursuing his rights diligently, **and** (2)

[3]The fact that the Delaware state courts alternatively held that White's second Rule 61 motion was also procedurally barred and meritless does not preclude the court from relying on the Delaware courts' denial of the second Rule 61 motion as time-barred, because the Delaware cours explicitly invoked Rule 61(i)(1) as a reason for dismissal. *See Johnson v. Pinchak*, 392 F.3d 551, 558 (3d Cir. 2004).

[4]The limitations period actually expired on April 3, 2011, which was a Sunday. Therefore, the limitations period extended through the end of the next business day, Monday April 4, 2011.

some extraordinary circumstance stood in his way and prevented timely filing." *Holland*, 130
S.Ct. at 2562 (emphasis added). Equitable tolling is not available where the late filing is due to
the petitioner's excusable neglect. *Id.*; *Miller v. New Jersey State Dept. of Corr.*, 145 F.3d 616,
618-19 (3d Cir. 1998). Consistent with these principles, the Third Circuit has explained that
equitable tolling of AEDPA's limitations period may be appropriate in the following
circumstances:

    (1) where the defendant (or the court) actively misled the plaintiff;
    (2) where the plaintiff was in some extraordinary way prevented from asserting his rights;
    or
    (3) where the plaintiff timely asserted his rights mistakenly in the wrong forum.

*Jones*, 195 F.3d at 159; *Thomas v. Snyder*, 2001 WL 1555239, at \*3-4 (D. Del. Nov. 28, 2001).

    Here, White alleges two reasons for equitably tolling the limitations period, both of
which involve the federal habeas petition that he timely filed in August 2010 but subsequently
asked to have dismissed without prejudice while his second Rule 61 motion was pending in the
Delaware state courts. First, in his motion to amend (D.I. 25), White contends that the instant
petition should be viewed as an amendment that relates back to the first timely-filed federal
petition under Federal Rule of Civil Procedure 15(c)(2), thereby rendering the instant petition
timely filed. This argument is unavailing. Once a petition is dismissed for failure to exhaust
state remedies, a new petition cannot relate back to the dismissed petition. See *Jones*, 195 F.3d
at 160-61. White's first petition was dismissed without prejudice, at his request, so that he could
exhaust state remedies. Therefore, the instant petition filed in 2011 cannot be treated as an
amendment that "relates back" to White's 2010 petition.

    Second, White contends that he is entitled to equitable tolling because Judge Robreno's
November 23, 2010 order denying his motion to stay his first federal petition and providing him

7

with two alternate courses of actions misled White as to the actual amount of time left in the limitations period. This argument is unavailing. The November 23, 2010 order issued by Judge Robreno did not state that the second Rule 61 motion would definitely toll the limitations period. Rather, the order stated White would not be clearly foreclosed from filing a timely habeas upon the completion of the second Rule 61 proceeding, and that there would be sufficient time in the limitations period upon that completion, **provided that the second Rule 61 motion was properly filed under state court rules.** White, the petitioner, was responsible for determining if the second Rule 61 motion was properly filed for statutory tolling purposes, not the federal district court. In fact, unknown to Judge Robreno when he issued his order on November 23, 2010, a Superior Court Commissioner had recently issued a Report and Recommendation on November 10, 2010 recommending that the Rule 61 motion be denied as both time-barred and procedurally barred,[5] and White's counsel had filed an exception to the Report and Recommendation on November 16, 2010. On December 13, 2010, the Superior Court adopted the Commissioner's Report and denied the second Rule 61 motion for the reasons asserted in the Report and Recommendation. As such, by December 13, 2010, White knew there was a very likely probability that the Delaware Supreme Court would also conclude that his second Rule 61 motion was time-barred, meaning that the second Rule 61 motion would not be considered to be properly filed for § 2254 purposes. As previously discussed, AEDPA's limitations period did not expire until April 4, 2011. Thus, White had ample time to file a federal habeas petition between December 13, 2010 (the date of the Superior Court's decision) and April 4, 2011 (the date on which AEDPA's limitations period expired), and only he is responsible for his failure to do so.

---

[5]*See State v. White*, 2010 WL 5311561 (Del. Super. Ct. Nov. 10, 2010).

It is well-settled that a prisoner's ignorance of the law and lack of legal expertise does not excuse his failure to make a prompt and timely filing. *See Jones,* 195 F.3d at 160; *Simpson v. Snyder*, 2002 WL 1000094, at *3 (D. Del. May 14, 2002)(a petitioner's lack of legal knowledge does not constitute an extraordinary circumstance for equitable tolling purposes). Similarly, "attorney error, miscalculation, inadequate research, or other mistakes" do not amount to extraordinary circumstances for equitable tolling purposes. *See LaCava v. Kyler*, 398 F.3d 271, 276 (3d Cir. 2005). Here, White's decision to pursue a second Rule 61 motion and withdraw his first federal habeas petition was due to his own or post-conviction counsel's decision to test the parameters of Delaware Superior Court Criminal Rule 61(i).[6] In turn, White cannot blame this court for his failure to file a habeas petition once the Superior Court issued its December 13, 2010 order denying the second Rule 61 motion as time-barred. Thus, the court concludes that Judge Robreno's November 23, 2010 order does not amount to extraordinary circumstances for equitable tolling purposes.[7]

---

[6]In the second Rule 61 motion, counsel asserted that "Superior Court Criminal Rule 61 allows for subsequent filings [in the following situations]:"

1. Rule 61(i)(1) asserts a retroactively applicable right, newly recognized after the judgment of conviction is final.
2. Rule 61(i)(2), consideration of claim is warranted in the interest of justice.
3. Rule 61(i)(5), constitutional violation resulting in a miscarriage of justice.

(D.I.1 at 19 in *White v. Phelps*, Civ. A. No. 10-731-ER) The Rule 61 motion then stated that "[White] contends that his second motion for post-conviction relief is warranted in the due interest of justice due to recent Delaware Supreme Court ruling and the court's failure to properly consider the previous motions and its constitutional implications." *Id.*

[7]Even if the court were to conclude that Judge Robreno's November 23, 2010 order warranted equitable tolling, such tolling would only be appropriate for the twenty-one day period from the date of Judge Robreno's order (November 23, 2010) to the date on which the Superior Court issued its order denying his second Rule 61 motion as time-barred (December 13, 2010). Tolling the limitations period for this twenty-one day period would extend the filing deadline to Monday, April 25, 2010. Thus, even under this alternate scenario White filed the instant petition two months too late.

In addition, although the Delaware Supreme Court affirmed the Superior Court's denial of White's second Rule 61 motion on May 3, 2011, White did not file the instant petition until July 25, 2011. This two-month delay in filing does not demonstrate that White acted with reasonable diligence.

For all of these reasons, the court concludes that equitable tolling is not available on the grounds set forth by White. Accordingly, the court will dismiss the petition as time-barred.

## III. MERITS

Even if the petition were timely, the court would deny the claims contained therein as meritless, procedurally barred, or for failing to assert a proper basis for federal habeas relief.

### A. Claim Six: Not Cognizable

The "federal role in reviewing an application for habeas corpus is limited to evaluating what occurred in the state or federal proceedings that actually led to the petitioner's conviction; what occurred in the petitioner's **collateral** proceeding does not enter into the habeas proceeding." *See Hassine v. Zimmerman*, 160 F.3d 941, 954 (3d Cir. 1998)(emphasis in original); *see also Lambert v. Blackwell*, 387 F.3d 210, 247 (3d Cir. 2004)("alleged errors in [state] collateral proceedings . . . are not a proper basis for habeas relief"). In claim six, White contends that the Delaware Supreme Court erred in denying some of his post-conviction claims as procedurally barred. Because this argument criticizes the Delaware Supreme Court's analysis in a state collateral proceeding, it merely alleges an error of state law. Therefore, the court will deny claim six for failing to assert a proper basis for federal habeas relief.

### B. Claim Four: Ineffective Assistance

In claim four, White contends that counsel's "acts of omissions and cumulative errors" amounted to constitutionally ineffective assistance. White alleges that counsel erred by failing

10

to: (1) file a motion for mistrial on the basis, or argue on appeal, that there was insufficient evidence to convict him due to the inconsistent testimonies of Meddrey, Phoenix, and Tucker, the lack of physical evidence linking White to the crime, and a videotape showing someone else firing the gun; (2) compel the State and/or trial court to produce Jeree Richardson as a witness at trial; (3) request a cautionary accomplice liability jury instruction under 11 Del. Code Ann. § 271; (4) file a motion for mistrial alleging that the prosecutor engaged in misconduct by leading witnesses and making impermissible remarks about White's weapon conviction; (5) contend that the jury was not impartial and demand that White should have been present during trial court's *in camera* colloquy with the jury; and (6) impeach witnesses. White also alleges that counsel erred by failing to raise these issues on direct appeal.

The Delaware Supreme Court rejected all of these arguments when it affirmed the Superior Court's denial of White's first Rule 61 motion, holding that White's claims were "largely conclusory and thus legally insufficient to establish that his counsel's performance fell below an objective standard of reasonableness and was prejudicial."[8] *White*, 2010 WL 1781021, at \*4. Given the Delaware Supreme Court's adjudication of the allegations in claim four, habeas relief will only be warranted if the Delaware Supreme Court's first post-conviction decision was either contrary to, or an unreasonable application of, clearly established federal law. *See* 28 U.S.C. § 2254(d). When reviewing claim four under § 2254(d), the court must presume that the

---

[8]Contrary to the State's contention (D.I. 15 at 13), White's opening appellate brief for his first Rule 61 appeal did assert that counsel provided ineffective assistance by failing to raise these claims on direct appeal. (D.I. 3 at 74-77 in *White v. Phelps*, Civ. A. No. 10-731-ER) Although the Delaware Supreme Court did not explicitly mention White's allegation that counsel erred by not raising the certain substantive arguments on direct appeal, the court must presume that the Delaware Supreme Court's decision constituted an adjudication of the merits of this allegation and review it under the deferential standard of § 2254(d). *See Harrington v. Richter*, 131 S.Ct. 770, 784-85 (2011); *Johnson v. Williams*, 133 S.Ct. 1088, 1091-92 (2013).

state court's determinations of factual issues are correct. 28 U.S.C. § 2254(e)(1); *Appel*, 250 F.3d at 210. This presumption of correctness applies to both explicit and implicit findings of fact, and is only rebutted by clear and convincing evidence to the contrary. 28 U.S.C. § 2254(e)(1); *Campbell v. Vaughn*, 209 F.3d 280, 286 (3d Cir. 2000); *Miller-El v. Cockrell*, 537 U.S. 322, 341(2003)(stating that the clear and convincing standard in § 2254(e)(1) applies to factual issues, whereas the unreasonable application standard of § 2254(d)(2) applies to factual decisions).

The clearly established Supreme Court precedent governing ineffective assistance of counsel claims is the two-pronged standard enunciated by *Strickland v. Washington*, 466 U.S. 668 (1984) and its progeny. *See Wiggins v. Smith*, 539 U.S. 510 (2003). Under the first *Strickland* prong, a petitioner must demonstrate that "counsel's representation fell below an objective standard of reasonableness," with reasonableness being judged under professional norms prevailing at the time counsel rendered assistance. *Strickland*, 466 U.S. at 688. Under the second *Strickland* prong, a petitioner must demonstrate "there is a reasonable probability that, but for counsel's error the result would have been different." *Id.* at 687-96. A reasonable probability is a "probability sufficient to undermine confidence in the outcome." *Id.* at 688.

In order to sustain an ineffective assistance of counsel claim, a petitioner must make concrete allegations of actual prejudice and substantiate them or risk summary dismissal. *See Wells v. Petsock*, 941 F.2d 253, 259-60 (3d Cir. 1991); *Dooley v. Petsock*, 816 F.2d 885, 891-92 (3d Cir. 1987). Although not insurmountable, the *Strickland* standard is highly demanding and leads to a "strong presumption that the representation was professionally reasonable." *Strickland*, 466 U.S. at 689.

12

Finally, it is well-settled that ineffective assistance claims challenging appellate counsel's performance are evaluated under the same *Strickland* standard applicable to claims challenging trial counsel's performance. *See Lewis v. Johnson,* 359 F.3d 646, 656 (3d Cir. 2004). An attorney's decision about which issues to raise on appeal are generally viewed as strategic, and an attorney is not required to raise every possible non-frivolous issue on appeal. *See Jones v. Barnes*, 463 U.S. 745 (1983); *Smith v. Robbins,* 528 U.S. 259, 272 (2000). As such, a petitioner satisfies the first *Strickland* prong by showing that appellate counsel was objectively unreasonable in failing to find arguable issues on appeal," with an "arguable issue" being an issue "that counsel can argue in good faith with some potential for prevailing." *Smith*, 528 U.S. at 285. A petitioner satisfies the prejudice prong of *Strickland* by showing a reasonable probability that he would have prevailed on appeal but for appellate counsel's allegedly unreasonable failure to raise an issue in a merits brief. *Id.*

Here, the Delaware Supreme Court specifically cited *Strickland* when it affirmed the Superior Court's denial of White's ineffective assistance of counsel allegations. Therefore, the Delaware Supreme Court's decision was not contrary to clearly established federal law. *See Williams v. Taylor*, 529 U.S. 362, 406 (2000)("[A] run-of-the-mill state-court decision applying the correct legal rule from [Supreme Court] cases to the facts of a prisoner's case [does] not fit comfortably within § 2254(d)(1)'s 'contrary to' clause").

The court's inquiry is not over, however, because it must also determine if the Delaware Supreme Court reasonably applied the *Strickland* standard to the facts of White's case. When performing this inquiry, the court must review the Delaware Supreme Court's decision with respect to White's ineffective assistance of counsel allegations through "doubly deferential" lens. *Harrington*, 131 S.Ct. at 788. Notably, "the question is not whether counsel's actions were

reasonable, [but rather], whether there is any reasonable argument that counsel satisfied *Strickland*'s deferential standard." *Id.*

After reviewing White's claims through the doubly deferential lens applicable on habeas review, the court cannot conclude that the Delaware Supreme Court unreasonably applied *Strickland* in denying the arguments as conclusory and legally insufficient. For instance, in this proceeding, White contends that counsel erred by failing to argue there was insufficient evidence to convict him, in part because the videotape does not "show [him] but someone else," and because the witnesses provided inconsistent testimony. (D.I. 4 at 19) This argument appears to stem from the fact that Tucker and Maddrey's trial testimony that they witnessed White shooting at Tucker contradicted their prior police statements, as well as from the fact that counsel unsuccessfully argued that "the videotape from the surveillance camera did not clearly depict the person who aimed the gun at Tucker or that the person fired the gun [and] [] that the State did not prove that Tucker's bullet wounds came from that gun." *See White*, 2010 WL 1781021, at *1. However, because there is a presumption that a jury's evaluation of a witness' credibility is proper,[9] the court defers to the jury's finding that Tucker and Maddrey's trial testimony was credible. Moreover, on direct appeal, the Delaware Supreme Court found that the "undisputed evidence establishes that White began firing at Tucker while the two men were on the street,"[10] and White's instant assertions do not constitute clear and convincing evidence sufficient to rebut the presumption of correctness that has attached to that factual finding. For these reasons, the court cannot conclude that the Delaware Supreme Court unreasonably applied *Strickland* in

---

[9]*See United States v. Iafelice*, 978 F.2d 92, 94 (3d Cir. 1992).
[10]*See White*, 2008 WL 4107980, at *1.

14

denying as conclusory White's contention that counsel was ineffective for failing to present an argument that there was insufficient evidence to support his conviction.

As for White's contention that counsel was ineffective for failing to request a jury instruction on accomplice liability under *State v. Bland*, 263 A.2d 286 (Del. 1970), (D.I. 19; D.I. 21), the record reveals that the jury was instructed on how to consider and weigh conflicting testimony of witnesses, and that this instruction was consistent with *Bland*. Consequently, White cannot demonstrate that he was prejudiced by counsel's failure to request a repetitive jury instruction.

White complains that counsel erred by not "insuring" that Jeree Richardson testified during the trial, but White's failure to provide any statement from Richardson about the testimony he would have provided during the trial precludes White from demonstrating that he was prejudiced by the absence of such testimony. Similarly, although White complains that the prosecutor made improper comments during closing, he fails to provide details about the allegedly improper comments or how those comments prejudiced him. White's remaining allegations regarding counsel's failure raise the issue of the jury's lack of impartiality, counsel's failure to demand that White be present during trial court's *in camera* colloquy with the jury, and counsel's failure to impeach witnesses, suffer from the same problem; White merely states that his constitutional rights were violated without demonstrating a reasonable probability that the outcome of his trial would have been different but for counsel's actions.

For all of these reasons, the court cannot conclude that the Delaware Supreme Court unreasonably applied *Strickland* in rejecting White's ineffective assistance of counsel allegations as conclusory. Given this determination, the court further concludes that White has failed to demonstrate that counsel's failure to raise these issues on direct appeal amounted to

15

constitutionally ineffective assistance of counsel. *See Showers v. Beard,* 635 F.3d 625, 634 (3d

Cir. 2011)(attorneys "need not, and should not, raise every . . . claim but rather may select

among them in order to maximize the likelihood of success on appeal."); *Jones*, 463 U.S. at 751

(no "decision of this Court suggests . . . that the indigent defendant has a constitutional right to

compel appointed counsel to press [even] nonfrivolous points requested by the client, if counsel,

as a matter of professional judgment, decides not present those points.") Accordingly, the court

concludes that claim four does not warrant habeas relief.

## C. Claims One, Two, Three, and Five: Procedurally Barred

Absent exceptional circumstances, a federal court cannot grant habeas relief unless the

petitioner has exhausted all means of available relief under state law. 28 U.S.C. § 2254(b);

*O'Sullivan v. Boerckel*, 526 U.S. 838, 842-44 (1999); *Picard v. Connor*, 404 U.S. 270, 275

(1971). AEDPA states, in pertinent part:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to
> the judgment of a State court shall not be granted unless it appears that –
>
> (A) the applicant has exhausted the remedies available in the courts of the State; or
>
> (B) (i) there is an absence of available State corrective process; or
> (ii) circumstances exist that render such process ineffective to protect the rights of the
> applicant.

28 U.S.C. § 2254(b)(1).

The exhaustion requirement is based on principles of comity, requiring a petitioner to

give "state courts one full opportunity to resolve any constitutional issues by invoking one

complete round of the State's established appellate review process." *O'Sullivan*, 526 U.S. at

844-45; *Werts v. Vaughn*, 228 F.3d 178, 192 (3d Cir. 2000). A petitioner satisfies the exhaustion

requirement by demonstrating that the habeas claims were "fairly presented" to the state's

16

highest court, either on direct appeal or in a post-conviction proceeding, in a procedural manner permitting the court to consider the claims on their merits. *Bell v. Cone*, 543 U.S. 447, 451 n.3 (2005); *Castille v. Peoples,* 489 U.S. 346, 351 (1989).

A petitioner's failure to exhaust state remedies will be excused if state procedural rules preclude him from seeking further relief in state courts. *Lines v. Larkins,* 208 F.3d 153, 160 (3d Cir. 2000); *see Teague v. Lane,* 489 U.S. 288, 297-98 (1989). Although treated as technically exhausted, such claims are nonetheless procedurally defaulted. *Lines,* 208 F.3d at 160; *Coleman v. Thompson*, 501 U.S. 722, 750-51 (1991). Similarly, if a petitioner presents a habeas claim to the state's highest court, but that court "clearly and expressly" refuses to review the merits of the claim due to an independent and adequate state procedural rule, the claim is exhausted but procedurally defaulted. *See Coleman*, 501 U.S. at 750; *Harris v. Reed*, 489 U.S. 255, 260-64 (1989).

Federal courts may not consider the merits of procedurally defaulted claims unless the petitioner demonstrates either cause for the procedural default and actual prejudice resulting therefrom, or that a fundamental miscarriage of justice will result if the court does not review the claims. *McCandless v. Vaughn,* 172 F.3d 255, 260 (3d Cir. 1999); *Coleman,* 501 U.S. at 750-51. To demonstrate cause for a procedural default, a petitioner must show that "some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule." *Murray v. Carrier,* 477 U.S. 478, 488 (1986). To demonstrate actual prejudice, a petitioner must show "that [the errors at trial] worked to his actual and substantial disadvantage, infecting his entire trial with error of constitutional dimensions." *Id.* at 494.

Alternatively, a federal court may excuse a procedural default if the petitioner demonstrates that failure to review the claim will result in a fundamental miscarriage of justice.

17

*Edwards v. Carpenter,* 529 U.S. 446, 451 (2000); *Wenger v. Frank,* 266 F.3d 218, 224 (3d Cir. 2001). A petitioner demonstrates a miscarriage of justice by showing a "constitutional violation has probably resulted in the conviction of one who is actually innocent." *Murray,* 477 U.S. at 496. Actual innocence means factual innocence, not legal insufficiency. *Bousley v. United States,* 523 U.S. 614, 623 (1998). In order to establish actual innocence, the petitioner must present new reliable evidence – not presented at trial – that demonstrates "it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt." *House v. Bell,* 547 U.S. 518, 537-38 (2005); *Sweger v. Chesney,* 294 F.3d 506, 522-24 (3d Cir. 2002).

In this case, White presented claims one, three, and five to the Delaware Supreme Court in his post-conviction appeal from his first Rule 61 motion. The Delaware Supreme Court denied all three claims as procedurally defaulted under Delaware Superior Court Criminal Rule 61(i)(3) due to White's failure to present the claims on direct appeal. By applying the procedural bar of Rule 61(i)(3), the Delaware Supreme Court articulated a "plain statement" under *Harris* that its decision rested on state law grounds. *See Harris,* 489 U.S. at 263-4. This court has consistently held that Rule 61 is an independent and adequate state procedural rule precluding federal habeas review. *See McCleaf v. Carroll,* 416 F. Supp. 2d 283, 296 (D. Del. 2006); *Mayfield v. Carroll,* 2005 WL 2654283 (D. Del. Oct. 11, 2005). Thus, the court cannot review the merits of claims one, three, and five absent a showing of cause for the default, and prejudice resulting therefrom, or upon a showing that a miscarriage of justice will occur if the claim is not reviewed.

As for claim two, White never "fairly presented" to any Delaware state court the instant allegation that the trial court violated his rights under the Confrontation Clause by admitting out-

18

of-court statements. At this juncture, any new Rule 61 motion alleging this argument would be time-barred by the one-year limitation contained in Rule 61(i)(1). As such, the court must treat claim two as exhausted but procedurally defaulted, meaning that it cannot review the merits of claim absent a showing of cause and prejudice, or a miscarriage of justice. Moreover, even if the court were to liberally construe the assertions included in White's second Rule 61 motion alleging that the admission of the out-of-court statements violated 11 Del. Code Ann. § 3507 as "fairly presenting" the instant Confrontation Clause claim, the Delaware state courts denied White's entire second Rule 61 motion as barred by Rule 61(i)(1), (2), (3), and (4). As such, claim two is still procedurally defaulted and cannot be reviewed absent a showing of cause and prejudice, or a miscarriage of justice.

White's attempt to establish cause for his default of claims one, two, three, and five by blaming trial counsel's failure to present these claims on direct appeal is unavailing. In order for an attorney's actions to constitute cause for a procedural default, those actions must themselves amount to constitutionally ineffective assistance. *See Edwards*, 529 U.S. 451-52. As already explained, White has failed to establish that counsel's alleged errors amounted to constitutionally ineffective assistance of counsel. Therefore, counsel's performance cannot excuse White's procedural default of claims one, two, three, and five.

In the absence of cause, the court will not address the issue of prejudice. In addition, the miscarriage of justice exception to the procedural default doctrine is inapplicable, because White has failed to provide new reliable evidence of his actual innocence.

For these reasons, the court will deny claims one, two, three, and five as procedurally barred.

19

## IV.    CERTIFICATE OF APPEALABILITY

When a district court issues a final order denying a § 2254 petition, the court must also

decide whether to issue a certificate of appealability. *See* 3d Cir. L.A.R. 22.2 (2011). A

certificate of appealability is appropriate when a petitioner makes a "substantial showing of the

denial of a constitutional right" by demonstrating "that reasonable jurists would find the district

court's assessment of the constitutional claims debatable or wrong." 28 U.S.C. § 2253(c)(2);

*Slack v. McDaniel*, 529 U.S. 473, 484 (2000). In addition, when a federal court denies a habeas

petition on procedural grounds without reaching the underlying constitutional claims, the court is

not required to issue a certificate of appealability unless the petitioner demonstrates that jurists of

reason would find it debatable: (1) whether the petition states a valid claim of the denial of a

constitutional right; and (2) whether the court was correct in its procedural ruling. *Id.*

The court has concluded that White's petition filed pursuant to 28 U.S.C. § 2254 should

be denied as time-barred or, alternatively, because the claims contained therein are meritless or

procedurally barred. The court is persuaded that reasonable jurists would not find these

conclusions to be debatable. Therefore, the court will not issue a certificate of appealability.

## V.    CONCLUSION

For the reasons discussed, the court will deny White's petition for a writ of habeas corpus

pursuant to 28 U.S.C. § 2254.

An appropriate order will be entered.

20