IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ANTHONY WHITE, | ) |
| | ) |
|       Petitioner, | ) |
| | ) |
| v. | )   Civil Action No. 11-658-GMS |
| | ) |
| PERRY PHELPS, Warden, and | ) |
| ATTORNEY GENERAL OF | ) |
| THE STATE OF DELAWARE, | ) |
| | ) |
|       Respondents. | ) |

## **MEMORANDUM**

### I. INTRODUCTION

In July 2014, the court denied petitioner Anthony White's habeas petition in its entirety as time-barred, and alternatively, denied the claims as meritless or procedurally barred. (D.I. 27; D.I. 28) Presently pending before the court is White's letter motion for reconsideration. (D.I. 29)

### II. STANDARD OF REVIEW

Federal Rule of Civil Procedure "60(b) allows a party to seek relief from a final judgment, and request reopening of his case, under a limited set of circumstances including fraud, mistake, and newly discovered evidence." *Gonzalez v. Crosby*, 545 U.S. 524, 528 (2005). A motion filed pursuant to Rule 60(b) is addressed to the sound discretion of the trial court guided by accepted legal principles applied in light of all relevant circumstances, *Pierce Assoc. Inc. v. Nemours Found.*, 865 F.2d 530, 548 (3d Cir. 1988), but may be granted only in extraordinary circumstances. *Moolenaar v. Gov't of Virgin Islands*, 822 F.2d 1342, 1346 (3d

Cir. 1987). A motion for reconsideration is not appropriate to reargue issues that the court has already considered and decided. *Brambles USA Inc. v. Blocker*, 735 F. Supp. 1239, 1240 (D. Del. 1990).

## III. DISCUSSION

White does not identify the authority under which he filed the instant letter motion for reconsideration. However, since he filed the motion almost a full year after entry of the court's judgment, the court will treat the motion as though filed pursuant to Rule 60(b). *See c.f. Ranklin v. Heckler*, 761 F.2d 936, 942 (3d Cir. 1985) ("Regardless of how it is styled, a motion filed within ten days of entry of judgment questioning the correctness of judgment may be treated as a motion to amend or alter the judgment under Rule 59(e).").

In his Rule 60(b) motion, White asks the court to reconsider his petition in light of "proof" he has provided to demonstrate that he is an innocent man. (D.I. 29 at 1) However, his motion asserts a spattering of conclusory and broad allegations about corruption in Delaware's court system, and his "proof" of innocence mainly consists of underlined statements in prior Delaware court decisions regarding the factual background and record in his case. (D.I. 29-1) White does not assert any intervening change in law, the availability of previously unavailable evidence, or a "clear error of law" of the sort that would compel reargument/reconsideration, and he does not provide any arguments challenging the reasons the court provided for denying his § 2254 petition. Accordingly, White has not presented any reason warranting reconsideration of the court's decision to deny his § 2254 petition.

## IV. CONCLUSION

Based on the foregoing, the court will deny White's motion for reconsideration. In

addition, the court will not issue a certificate of appealability, because White has failed to make a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *see United States v. Eyer*, 113 F.3d 470 (3d Cir. 1997); 3d Cir. LAR 22.2 (2011). A separate order will be entered.

Jan 20, 2016
DATE

UNITED STATES DISTRICT JUDGE