IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| ANTHONY WHITE, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Civil Action No. 11-658-GMS |
| | ) | |
| DANA METZGER, | ) | |
| Warden, and ATTORNEY | ) | |
| GENERAL OF THE STATE OF | ) | |
| DELAWARE, | ) | |
| | ) | |
| Respondents. | ) | |

**MEMORANDUM**

**I.    INTRODUCTION**

In March 2007, a Delaware Superior Court jury convicted petitioner Anthony White of attempted first degree murder and a weapons offense, and acquitted him of conspiracy. (D.I 27 at 2) White appealed, and the Delaware Supreme Court affirmed his convictions and sentence in September 2008. *See White v. State*, 957 A.2d 2 (Table), 2008 WL 4107980, at *1 (Del. Sept. 2008). After the disposition of two post-conviction proceedings in the Delaware state courts, White filed a habeas petition in this court. (D.I. 27 at 2-4) In July 2014, the court denied the petition as time-barred and, alternatively concluded that the claims were meritless or procedurally barred. (D.I. 27; D.I. 28) In July 2015, White filed a motion for reconsideration of that decision, (D.I. 29), which the court denied (D.I. 30; D.I. 31). In February 2018, White filed a motion for reconsideration pursuant to Federal Rules of Civil Procedure 59(e) and 60(b) (D.I. 33) simultaneously with a motion to stay and abey the motion for reconsideration (D.I. 34)

## II. STANDARD OF REVIEW

A motion for reconsideration may be filed pursuant Federal Rule of Civil Procedure 59(e) or Federal Rule of Civil Procedure 60(b). Although motions for reconsideration under Rule 59(e) and Rule 60(b) serve similar functions, each has a particular purpose. *See United States v. Fiorelli*, 337 F.3d 282, 288 (3d Cir. 2003). For instance, Rule 59(e) is "a device to relitigate the original issue decided by the district court, and [it is] used to allege legal error." *Fiorelli*, 337 F.3d at 288. The moving party must show one of the following in order to prevail on a Rule 59(e) motion: (1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court issued its order; or (3) the need to correct a clear error of law or fact or to prevent a manifest injustice. *See Max's Seafood Café v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999). A motion filed pursuant to Rule 59(e) must be filed no later than twenty-eight days after the entry of the judgment. *See* Fed. R. Civ. P. 59(e).

In contrast, "Rule 60(b) allows a party to seek relief from a final judgment, and request reopening of his case, under a limited set of circumstances including fraud, mistake, and newly discovered evidence." *Gonzalez v. Crosby*, 545 U.S. 524, 528 (2005). A motion filed pursuant to Rule 60(b) is addressed to the sound discretion of the trial court guided by accepted legal principles applied in light of all relevant circumstances,[1] but may be granted only in extraordinary circumstances. *See Moolenaar v. Gov't of Virgin Islands*, 822 F.2d 1342, 1346 (3d Cir. 1987). Notably, a motion for reconsideration is not appropriate to reargue issues that the court has already considered and decided. *See Brambles USA Inc. v. Blocker*, 735 F. Supp. 1239, 1240 (D. Del. 1990).

---

[1] *See Pierce Assoc. Inc. v. Nemours Found.*, 865 F.2d 530, 548 (3d Cir. 1988).

Additionally, when, as here, a district court is presented with a motion for reconsideration after it has denied the petitioner's federal habeas petition, the court must first determine if the motion constitutes a second or successive application under the Antiterrorism and Effective Death Penalty Act ("AEDPA"). As articulated by the Third Circuit,

> in those instances in which the factual predicate of a petitioner's Rule 60(b) motion attacks the manner in which the earlier habeas judgment was procured and not the underlying conviction, the Rule 60(b) motion may be adjudicated on the merits. However, when the Rule 60(b) motion seeks to collaterally attack the petitioner's underlying conviction, the motion should be treated as a successive habeas petition.

*Pridgen v. Shannon*, 380 F.3d 721, 727 (3d Cir. 2004). Under AEDPA, a prisoner cannot file a second or successive habeas application without first obtaining approval from the appropriate court of appeals and, absent such authorization, a district court cannot consider the merits of a subsequent application. *See* 28 U.S.C. § 2244(b)(3)(A); *Robinson v. Johnson*, 313 F.3d 128, 139-40 (3d Cir. 2002).

### III. DISCUSSION

White filed his motion for reconsideration pursuant to Federal Rules of Civil Procedure 59(e) and 60(b). To the extent the motion is filed pursuant to Rule 59(e), it is time-barred, because it was filed almost four full years after the entry of the court's judgment in July 2014. *See* Fed. R. Civ. P. 59(e) (a "motion to amend a judgment must be filed no later than 28 days after the entry of the judgment.").

To the extent the motion is filed pursuant to Rule 60(b), the court must first determine if the motion constitutes a "true" motion for reconsideration, or if it constitutes a second or successive habeas application under the Antiterrorism and Effective Death Penalty Act ("AEDPA"). *See Gonzalez*, 545 U.S. at 529-30. In his Rule 60(b) motion, White contends

3

that he is entitled to Rule 60(b)(6) relief pursuant to *Buck v. Davis,* 137 S.Ct. 759 (2017) because an intervening Delaware Supreme Court decision – *Rambo v. State,* 939 A.2d 1275 (Del. 2007) – demonstrates he is actually innocent of attempted first degree murder. (D.I. 33 at 6) He asserts that he is attacking the integrity of the federal habeas proceeding by arguing that the court's prior denial of his ineffective assistance of counsel claims as procedurally barred was in error under *Martinez v. Ryan,* 566 U.S. 1 (2012). (D.I. 33 at 2) Since this argument challenges the method by which the decision denying his habeas petition and/or his first Rule 60(b) motion was procured, the court concludes that it constitutes a "true" Rule 60(b) request. Nevertheless, for the following reasons, the argument is unavailing.

In *Buck*, the Supreme Court reiterated the well-settled principle that "relief under Rule 60(b)(6) is available only in extraordinary circumstances." *See Buck,* 137 S.Ct. at 778. The *Buck* Court also explained that a court may consider a wide range of factors when determining if extraordinary circumstances are present and, in appropriate cases, those factors may include "the risk of injustice to the parties" and "the risk of undermining the public's confidence in the judicial process." *Id.* The Third Circuit has interpreted *Buck* as permitting a court to consider "the severity of the underlying constitutional violation [as] an equitable factor that may support a finding of extraordinary circumstances under Rule 60(b)(6)." *Satterfield v. Dist. Att'y Phila.,* 872 F.3d 152, 163 (3d Cir. 2017).

In *Martinez*, the Supreme Court held for the first time that the ineffective assistance of counsel during initial collateral review proceedings, or the failure to appoint counsel during initial collateral review proceedings, may establish cause sufficient to excuse a procedural default of a **claim of ineffective assistance of trial counsel**, when, under state law, claims

4

regarding trial counsel's ineffectiveness can only be raised for the first time in initial collateral proceedings. *Id.* (emphasis added). In *Cox v. Horn*, 757 F.3d 113 (3d Cir. 2014), the Third Circuit analyzed the interplay between Rule 60(b)(6) and *Martinez*'s limited exception to the procedural default doctrine, explaining that "one of the critical factors in the equitable and case-dependent nature of the 60(b)(6) analysis on which we now embark is whether the 60(b)(6) motion under review was brought within a reasonable time of the *Martinez* decision." *Cox*, 757 F.3d at 116.

Simply stated, White's argument does not demonstrate extraordinary circumstances satisfying *Buck, Martinez,* and/or Rule 60(b)(6). The 2017 *Buck* decision does not, on its own, affect the court's reasons for denying White's petition or his first Rule 60(b) motion, because *Buck* does not

> hold that the change in law announced in *Martinez* and *Trevino* by itself constitutes an extraordinary circumstance that justifies relief under Rule 60 (b)(6). There, the Supreme Court found that extraordinary circumstances existed to justify relief under Rule 60(b)(6) before addressing the issue of whether *Martinez* and *Trevino* applied to the case. The extraordinary circumstances were that Buck "may have been sentenced to death in part because of his race," [and our] "law punishes people for what they do, not who they are."

*Williams v. Kelley*, 2017 WL 1395613, at *4 (E.D. Ark. Apr. 18, 2017) (internal citations omitted). Notably, White does not present any convincing argument that the circumstances in his case are as extraordinary as those in *Buck*. His unsupported statements do not demonstrate a "risk of injustice" amounting to an extraordinary circumstance in the manner contemplated by *Buck*, nor do they establish it a risk of undermining public confidence in the justice system if the court refuses to grant him relief. In other words, White has failed to demonstrate how *Buck*'s "equitable principles" warrant reopening his habeas proceeding.

5

As for White's reference to *Martinez*, the court denied his petition as time-barred, not as procedurally barred.[2] By its own terms, the *Martinez* decision provides a petitioner with an opportunity to overcome a procedural default of an ineffective assistance of trial counsel claim, but does not in any way impact a petitioner's obligation to comply with AEDPA's limitations period. In addition, White did not assert the instant *Martinez* argument within *Cox*'s "reasonable time" requirement, since he filed the instant Rule 60(b) motion approximately six years after *Martinez* was decided, more than three and one-half years after his habeas petition was denied, and approximately one and one-half years after his first Rule 60(b) motion was denied. *See Moolenaar*, 822 F.2d at 1348 (holding that two-year delay was not a reasonable time to bring a Rule 60(b)(6) motion); *Cox*, 757 F.3d at 125 (a district court reviewing a prisoner's Rule 60(b)(6) motion "may consider whether the conviction and initial federal habeas proceeding were only recently completed or ended years ago."). As explained by the Third Circuit, "[c]onsiderations of repose and finality become stronger the longer a decision has been settled." *Id.* Here, White's conviction was affirmed in 2008 and his original habeas petition was dismissed on July 30, 2014. The significant amount of time that has elapsed between the dismissal of his petition and the assertion of his *Martinez* argument provides another reason for concluding that the rare relief afforded under Rule 60(b)(6) is not warranted. In sum, White's reliance on *Martinez* does not establish extraordinary circumstances.

---

[2]The fact that the court also concluded that the claims could be denied as meritless, procedurally barred, or non-cognizable does not alter the fact that the court's primary reason for denying the petition was because it was untimely filed. (D.I. 27 at 11)

### III. MOTION

White filed a motion to stay the court's review of his motion for reconsideration. (D.I. 34) Having determined that his motion for reconsideration does not warrant relief, the court will dismiss the motion to stay as moot.

### IV. CONCLUSION

For the aforementioned reasons, the court will deny White's motion for reconsideration and his motion to stay. In addition, the court will not issue a certificate of appealability, because White has failed to make a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *see United States v. Eyer*, 113 F.3d 470 (3d Cir. 1997); 3d Cir. LAR 22.2 (2011). A separate order will be entered.

Dated: July 16, 2018

_____
UNITED STATES DISTRICT JUDGE