IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ANTHONY WHITE, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | C.A. No. 11-658 (MN) |
| ) | |
| DANA METZGER, Warden, and ) | |
| ATTORNEY GENERAL OF THE STATE ) | |
| OF DELAWARE, ) | |
| ) | |
| Respondents. ) | |

**MEMORANDUM**

**I.    INTRODUCTION**

In March 2007, a Delaware Superior Court jury convicted Petitioner Anthony White ("Petitioner") of attempted first degree murder and a weapons offense, and acquitted him of conspiracy. (D.I 27 at 2). Petitioner appealed, and the Delaware Supreme Court affirmed his convictions and sentence in September 2008. *See White v. State*, 957 A.2d 2 (Table), 2008 WL 4107980, at *1 (Del. Sept. 2008). After the disposition of two post-conviction proceedings in the Delaware state courts, Petitioner filed a habeas petition in this Court. (D.I. 27 at 2-4). In July 2014, the Honorable Gregory M. Sleet denied the petition as time-barred and alternatively concluded that the claims were meritless or procedurally barred. (D.I. 27; D.I. 28). In July 2015, Petitioner filed a Motion for Reconsideration of that decision, (D.I. 29), which Judge Sleet denied (D.I. 30; D.I. 31). In February 2018, Petitioner filed a second Motion for Reconsideration pursuant to Federal Rules of Civil Procedure 59(e) and 60(b) (D.I. 33) simultaneously with a Motion to Stay and Abey the Motion for Reconsideration (D.I. 34). On July 20, 2018, Judge Sleet denied the second Motion for Reconsideration as meritless and the Motion to Stay as moot. (D.I. 36; D.I. 37).

Presently pending before the Court are Petitioner's third and fourth Rule 59(e)/60(b) Motions for Reconsideration. (D.I. 38; D.I. 40). They are identical in content and assert that his habeas petition should be reopened due to newly discovered evidence. (D.I. 38 at 1; D.I. 40 at 1).

## II.     STANDARD OF REVIEW

A motion for reconsideration may be filed pursuant Federal Rule of Civil Procedure 59(e) or Federal Rule of Civil Procedure 60(b). Although motions for reconsideration under Rule 59(e) and Rule 60(b) serve similar functions, each has a particular purpose. *See United States v. Fiorelli*, 337 F.3d 282, 288 (3d Cir. 2003). For instance, Rule 59(e) is "a device to relitigate the original issue decided by the district court, and [it is] used to allege legal error." *Fiorelli*, 337 F.3d at 288. The moving party must show one of the following in order to prevail on a Rule 59(e) motion: (1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court issued its order; or (3) the need to correct a clear error of law or fact or to prevent a manifest injustice. *See Max's Seafood Café v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999). A motion filed pursuant to Rule 59(e) must be filed no later than twenty-eight days after the entry of the judgment. *See* Fed. R. Civ. P. 59(e).

In contrast, "Rule 60(b) allows a party to seek relief from a final judgment, and request reopening of his case, under a limited set of circumstances including fraud, mistake, and newly discovered evidence." *Gonzalez v. Crosby*, 545 U.S. 524, 528 (2005). A motion filed pursuant to Rule 60(b) is addressed to the sound discretion of the trial court guided by accepted legal principles applied in light of all relevant circumstances,[1] but may be granted only in extraordinary

---

[1]     *See Pierce Assoc. Inc. v. Nemours Found.*, 865 F.2d 530, 548 (3d Cir. 1988).

circumstances. *See Moolenaar v. Gov't of Virgin Islands*, 822 F.2d 1342, 1346 (3d Cir. 1987). Notably, a motion for reconsideration is not appropriate to reargue issues that the court has already considered and decided. *See Brambles USA Inc. v. Blocker*, 735 F. Supp. 1239, 1240 (D. Del. 1990).

Additionally, when, as here, a district court is presented with a motion for reconsideration after it has denied the petitioner's federal habeas petition, the court must first determine if the motion constitutes a second or successive application under the Antiterrorism and Effective Death Penalty Act ("AEDPA"). As articulated by the Third Circuit,

> in those instances in which the factual predicate of a petitioner's Rule 60(b) motion attacks the manner in which the earlier habeas judgment was procured and not the underlying conviction, the Rule 60(b) motion may be adjudicated on the merits. However, when the Rule 60(b) motion seeks to collaterally attack the petitioner's underlying conviction, the motion should be treated as a successive habeas petition.

*Pridgen v. Shannon*, 380 F.3d 721, 727 (3d Cir. 2004). Under AEDPA, a prisoner cannot file a second or successive habeas application without first obtaining approval from the appropriate court of appeals and, absent such authorization, a district court cannot consider the merits of a subsequent application. *See* 28 U.S.C. § 2244(b)(3)(A); *Robinson v. Johnson*, 313 F.3d 128, 139-40 (3d Cir. 2002).

## III. DISCUSSION

Petitioner filed his Motions for Reconsideration pursuant to Federal Rules of Civil Procedure 59(e) and 60(b). To the extent the motions are filed pursuant to Rule 59(e), they are time-barred, because they were filed almost five full years after the entry of the judgment in July 2014 and approximately five months after the denial of his second Rule 60(b) motion in

July 2018.  *See* Fed. R. Civ. P. 59(e) (a "motion to amend a judgment must be filed no later than 28 days after the entry of the judgment.").

To the extent the motions are filed pursuant to Rule 60(b), the Court must first determine if they constitute "true" motions for reconsideration, or if they constitute a second or successive habeas application under the AEDPA.  *See Gonzalez*, 545 U.S. at 529-30.  In the instant Rule 60(b) motions, Petitioner appears to contend that he is entitled to Rule 60(b)(6) relief on the basis of the following "newly" discovered evidence:

> 1. An unsigned/unsworn statement summarizing a purported interview of Qy-Mere Maddrey ("Maddrey Summary") conducted by an investigator on April 13, 2017.  The investigative insert states that Maddrey is the uncle of [Petitioner's] child, Maddrey admits to shooting Tucker, and Maddrey changed his testimony at trial because of pressure from law enforcement.
>
> 2. An unsigned/unsworn summary which purports to be a statement of Jeree "Re-Re" Richardson to Curley ("Richardson Statement"), which purports that Richardson witnessed Tucker rob Maddrey.
>
> 3. James Anthony Brown's affidavit of updated statement ("Brown Affidavit") dated March 15, 2018.  Brown testifies that he dropped Maddrey off at the police station when Maddrey turned himself in and confessed.
>
> 4. Zekita Ann Maddrey's affidavit of updated statement ("Zekita Affidavit") dated March 15, 2018.  Zekita testifies that she is Maddrey's older sister and the mother to White's child.  She claims that Maddrey confessed to the crime.

(D.I. 38 at 4-5).  Petitioner also re-asserts the argument raised in his second Rule 60(b) motion that he is entitled to Rule 60(b)(6) relief pursuant to *Buck v. Davis,* 137 S.Ct. 759 (2017) because a Delaware Supreme Court decision – *Rambo v. State*, 939 A.2d 1275 (Del. 2007) – demonstrates

he is actually innocent of attempted first degree murder. (D.I. 38 at 8). He argues that Judge Sleet erred by denying his second Rule 60(b) motion after concluding that Petitioner "was not denied ineffective assistance of counsel during his state court trial when he [counsel] failed to present evidence which could have le[d] to [Petitioner's] actual innocence." (D.I. 38 at 14). Finally, Petitioner contends that his conviction is illegal because it the result of a "material *Brady* violation." (D.I. 38 at 26).

To the extent the instant motions should be treated as "true" Rule 60(b) motions, they do not warrant reconsideration of the denial of Petitioner's second Rule 60(b) motion or the denial of his Petition. Petitioner's contention that the denial of his second Rule 60(b) motion was due to the erroneous conclusion that he was not denied effective assistance of counsel constitutes an improper re-assertion of an argument already considered and denied. Although Petitioner attempts to avoid this conclusion by claiming he has "newly discovered evidence" supporting his ineffective assistance of counsel argument, the attempt is unsuccessful; despite his description of the aforementioned "evidence" as being "newly discovered", Petitioner fails to demonstrate that this alleged "evidence" was unavailable when his Petition and earlier Rule 60(b) motions were denied. In short, neither of these arguments trigger relief under Rule 60(b).

Finally, Petitioner's allegation that the State committed a *Brady* violation during his criminal proceeding does not attack the manner in which the decision denying his habeas petition was procured. Rather, the *Brady* contention challenges the same convictions Petitioner challenged in his original habeas petition, and it is an argument that could have been presented in that Petition. Consequently, the Court finds that the *Brady* contention constitutes a a second or successive habeas request.

There is no indication that the Third Circuit Court of Appeals authorized the filing of the instant motion/unauthorized second or successive habeas request. Therefore, the Court will dismiss the *Brady* argument for lack of jurisdiction.[2] *See* Rule 4 of the Rules Governing Section 2254 Cases in the United States District Court, 28 U.S.C. foll. § 2254 (authorizing summary dismissal of § 2254 petitions); 28 U.S.C. § 2244(b)(1).

## IV. CONCLUSION

For the aforementioned reasons, the Court will deny Petitioner's two pending Rule 60(b) motions. In addition, the Court will not issue a certificate of appealability, because Petitioner has failed to make a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *see United States v. Eyer*, 113 F.3d 470 (3d Cir. 1997); 3d Cir. LAR 22.2 (2011). A separate Order will be entered.

August 30, 2019

_____
The Honorable Maryellen Noreika
United States District Judge

---

[2] The Court concludes that it would not be in the interest of justice to transfer the instant motions to the Court of Appeals for the Third Circuit, because nothing in the motions comes close to satisfying the substantive requirements for a second or successive petition under 28 U.S.C. § 2244(b)(2).